J-S37007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM J. BROOKS :
:
Appellant : No. 2871 EDA 2017

Appeal from the Judgment of Sentence September 1, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007456-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED SEPTEMBER 26, 2018**

Appellant, William J. Brooks, appeals from the judgment of sentence entered on September 1, 2017, following his conviction for first-degree murder and related offenses in the Criminal Division for the Court of Common Pleas of Philadelphia County.  We affirm.

The trial court summarized the relevant facts and procedural history as follows.

> On June 9, 2016, at approximately 12:45 p.m., Officer Carlos Rodriguez was off duty and at his home on the 5300 block of Charles Street when he heard two gunshots coming from the street.  Office Rodriguez looked out of a window in the front of his house, from where he saw a man in an orange and black hoodie chasing a man in a white shirt across Charles Street.  Officer Rodriguez then witnessed the man in the orange and black hoodie shoot the man in the white shirt three times.  When he scanned the street, he saw another man holding a gun by his side and standing by a dark SUV.  He heard two car doors slam shut and saw the SUV drive away.  Before the SUV turned onto an adjacent street, Officer Rodriguez was able to record its license plate number.  Once the SUV had driven away, Officer Rodriguez

_____

* Former Justice specially assigned to the Superior Court.

approached the victim of the shooting, recognized that he was Daniel "Bolo" Martinez, one of [Officer Rodriguez'] neighbors, and called 911. Daniel Martinez was then taken to Frankford Aria Hospital, where he was pronounced dead as a result of his gunshot wounds.

On June 10, 2016, Officer Shanna Moore observed the same SUV that was identified by Officer [] Rodriguez, parked on the 2400 Block of North Douglas Street. Police then recovered the SUV. Upon further investigation, [the police] traced ownership of the SUV to Appellant. When police searched the SUV, they also found an orange and black hoodie resembling the one Officer Rodriguez had seen the shooter wearing on June 9, 2016. On June 12, 2016, [p]olice asked Officer Rodriguez to select Daniel Martinez's shooter out of a photo array, and he identified Appellant. Based on this evidence, police arrested and charged Appellant [in connection with the shooting] on July 20, 2016.

[During Appellant's trial on August 30, 2017, at 10:28 a.m., an audience member named Anthony McNeal interrupted the proceedings, stating that he was an "*alibi* witness."] After the trial judge asked Mr. McNeal to leave the courtroom and he did not comply, the trial judge ordered the jury to leave the courtroom. A brief exchange between the trial judge and Mr. McNeal ensued, after which the trial judge ordered the [court officers] to take Mr. McNeal into custody for disrupting the trial. While the jury remained outside the courtroom, Appellant moved for a mistrial, claiming that Mr. McNeal's interruption would cause the jurors to infer that Appellant was guilty, based on his failure to call Mr. McNeal as a known *alibi* witness. [The trial c]ourt denied the motion, reasoning that a curative instruction would address Appellant's concerns. Moreover, Appellant confirmed that he had no intention to call Mr. McNeal as a witness.

At 11:05 a.m.[,] the jury came back into the courtroom, and th[e trial c]ourt provided the following curative instruction:

> In homicide trials, as you can imagine, tensions and emotions kind of run high. And outbursts sometimes happen more frequently in these types of trials than in other types of trials that are not quite homicides. So, I have to ask you to please disregard the outburst that happened in the courtroom. Neither side knew that it was coming. Neither side was prepared for that to happen. When I say neither side I am

including [Appellant]. This was not something planned. No one knew this was going to happen, and it shouldn't be held against either side, and you shouldn't think about this any further than this moment. Disregard it all. Remember that I told you before that evidence comes from the witness stand under oath in open court where each lawyer has the opportunity to ask questions. So that didn't happen and, therefore, you must disregard the outburst by that gentleman. It should not be considered by you in any way shape or form against either side.

The trial then proceeded without further incident, and on September 1, 201[7], the jury found Appellant guilty of [first-degree murder (18 Pa.C.S.A. § 2502(a)), conspiracy to commit murder (18 Pa.C.S.A. §§ 903(a)(1) and 2502(a)(1)), firearms not to be carried without a license (18 Pa.C.S.A. § 6106(a)(1)), carrying firearms on public streets and public property in Philadelphia (18 Pa.C.S.A. § 6108), and possession of an instrument of crime (18 Pa.C.S.A. § 907(a)). Immediately thereafter, the trial court sentenced Appellant to life in prison without the possibility of parole.]

Appellant filed a timely notice of appeal on September 5, 2017. On January 26, 2018, following completion of the notes of testimony, Appellant filed a [concise statement of errors complained of on appeal. The trial court issued its opinion on April 18, 2018.]

Trial Court Opinion, 4/18/18, at 1-3.

Appellant raises the following issue on appeal:

[Did the trial court err and cause irreparable harm to Appellant when it denied Appellant's motion for a mistrial when, without Appellant's instruction, an audience member, Anthony McNeal, shouted in front of the jury that he was an *alibi* witness for Appellant and the jury could only conclude that the failure to call a known *alibi* witness was indicative of appellant's guilt?]

Appellant's Brief at 4.

We have carefully reviewed the submissions of the parties, the certified record, and the opinion of the trial court. Based upon our review, we concur in the trial court's determination that the gallery member's brief and vague interruption did not have the unavoidable effect of depriving Appellant of a fair trial and that a cautionary instruction was sufficient to address the spectator's misconduct. Hence, we agree that no abuse of discretion occurred. Since the trial court's opinion has adequately and accurately examined the issue Appellant raises on appeal, we adopt the trial court's opinion as our own. Accordingly, we direct the parties to include a copy of the court's opinion with all future filings relating to our disposition in this appeal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/18